IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE RICKETTS, as parent of L.G., a minor,<br>        Plaintiff,<br><br>        v.<br><br>TITUSVILLE AREA SCHOOL DISTRICT, et al.,<br>        Defendants. | C.A. No. 21-129 Erie<br><br>District Judge Susan Paradise Baxter |

## MEMORANDUM ORDER

On September 13, 2023, this Court issued a Memorandum Opinion and Order [ECF Nos. 78 & 79] granting summary judgment in favor of Defendant Titusville Area School District ("TASD"). Now before the Court is Plaintiff's motion for reconsideration pursuant to Rule 59(e) [ECF No. 82].

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued the order; or (3) the need to correct a clear error of law or fact to prevent a manifest injustice. Id. Here, Plaintiff relies on the third ground by raising three "clear errors of law and fact" allegedly contained within this Court's Memorandum Opinion that "result[] in manifest injustice." (ECF No. 82, at p. 2).

"In order to show clear error or manifest injustice, the [movant] must base its motion on

arguments that were previously raised but were *overlooked* by the Court – '[p]arties are not free to relitigate issues that the Court has already decided.'" United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003) (citations omitted) (emphasis added). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n.3 (M.D. Pa. 1994), quoting Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990). Moreover, motions for reconsideration should not be used to advance additional arguments which could have been made by the movant before judgment. Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993) *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Here, as fully detailed in Defendant TASD's brief in opposition [ECF No. 84], the arguments raised in Plaintiff's motion merely attempt to relitigate matters that have already been fully argued by the parties and addressed by the Court in its opinion. Instead of raising clear errors of law and fact, Plaintiff is simply expressing his disagreement with the Court's findings and essentially asking the Court to rethink its conclusion. Thus, no appropriate grounds for reconsideration have been presented. As a result, Plaintiff's motion for reconsideration pursuant to Rule 59(e) will be denied.

AND NOW, this 10th day of April, 2024;

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [ECF No. 82] of this Court's Memorandum Opinion and Order granting summary judgment in favor of Defendant

TASD [ECF Nos. 78 & 79] is DENIED.

SUSAN PARADISE BAXTER
United States District Judge